```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       OCALA DIVISION
```

RAYMOND F. GARCIA,

       Petitioner,

v.                                Case No. 5:17-cv-121-Oc-39PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

       Respondents.
_____

## ORDER

On February 12, 2020, the undersigned denied Petitioner's amended petition for writ of habeas corpus under 28 U.S.C. § 2254. See Order (Doc. 21). The Clerk entered judgment on February 13, 2020. See Judgment (Doc. 22). Petitioner timely filed a notice of appeal (Doc. 24). On March 31, 2020, Petitioner mailed for filing a motion for reconsideration (Doc. 27) and a motion to accept his motion for reconsideration as timely filed (Doc. 28) (collectively, "reconsideration motions"). Petitioner later filed a motion for an extension of time to file an application for leave to proceed on appeal in forma pauperis (Doc. 29). Respondents have not responded to Petitioner's motions.

With respect to his reconsideration motions, Petitioner does not state what Federal Rule of Civil Procedure permits the relief he seeks. Rather, he cites the Federal Rules of Appellate Procedure and Eleventh Circuit Rules, which are inapplicable. The Federal

Rules of Civil Procedure permit litigants to seek review of final orders under either Rule 59(e) (Motion to Alter or Amend a Judgment) or Rule 60(b) (Relief From a Judgment or Order). To the extent Petitioner moves for reconsideration under Rule 59(e), his motion is untimely. A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Petitioner filed his motion for reconsideration on March 31, 2020,[1] more than 28 days after the judgment was entered on February 13, 2020. And, as the Court previously instructed Petitioner, see Order (Doc. 26), under the applicable Federal Rules of Civil Procedure, "[a] court must not extend the time to act under Rules . . . 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2).

Because a Rule 59(e) motion is untimely, the Court broadly construes Petitioner's motion for reconsideration as a motion seeking relief from a judgment or order under Rule 60(b). A Rule 60(b) motion must be filed "within a reasonable time," but no more than a year after the entry of the judgment if the movant seeks relief based on mistake, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(c)(1).[2] Petitioner's Rule 60(b) motion is timely,

---

[1] Petitioner is a prisoner who receives the benefit of the mailbox rule.

[2] This Court has jurisdiction to consider Petitioner's motion for reconsideration even though he first filed a Notice of Appeal. See Fed. R. App. P. 4(a)(4)(B)(i). The 1993 Amendment to the

2

making moot his request that the Court accept the motion as timely filed.

While Petitioner's Rule 60(b) motion is timely, he is not entitled to relief. First, Petitioner has not complied with the Local Rules of this Court, which require a movant to state the basis for the request and include "a memorandum of legal authority in support of the request." M.D. Fla. R. 3.01(a). Petitioner not only fails to identify the legal basis for the relief he seeks, but he also does not include a memorandum of law. Petitioner does include a short statement of the "standard of review," in which he references the grounds under which a litigant may ask a court to reconsider an order: an intervening change in the law, newly discovered evidence, or to correct clear or manifest error. See Doc. 27 at 1. However, Petitioner provides no argument showing he satisfies the standard he identifies.

Moreover, Petitioner does not identify a plausible basis upon which to grant him relief under Rule 60(b). That provision provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

advisory committee notes to Rule 4(a)(4) provides: "A notice [of appeal] filed before the filing of one of the specified motions . . . is, in effect, suspended until the motion is disposed of."

>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Reconsideration of a prior order is an extraordinary remedy to be used sparingly because "courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A court must have a reason to reconsider a prior judgment, such as to correct a manifest error of law, to consider newly discovered evidence, or to prevent manifest injustice. AC Direct, Inc. v. Grieder, No. 606CV122ORL19UAM, 2007 WL 4211058, at *2 (M.D. Fla. Nov. 28, 2007) (citing Burger King Corp., 181 F. Supp. 2d at 1369). Thus, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp., 181 F. Supp. 2d at 1369.

Here, Petitioner does not "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

4

decision." See id. Petitioner seeks relief simply because he disagrees with the Court's conclusions and judgment. In his motion for reconsideration, Petitioner merely reiterates issues and facts the Court previously gave full consideration in ruling on his petition. He offers no newly discovered evidence, and he fails to show reconsideration is necessary to prevent manifest injustice or to correct a manifest error of law. See Fed. R. Civ. P. 60(b). Thus, Petitioner does not show relief under Rule 60(b) is warranted.

As to his motion for an extension of time to file an application to proceed on appeal in forma pauperis, Petitioner's request is due to be denied as moot. The Court previously denied Petitioner a certificate of appealability and directed the Clerk to terminate any motion Petitioner may file to proceed on appeal as a pauper. See Order (Doc. 21).

Accordingly, it is now

**ORDERED**:

1. Petitioner's motion for reconsideration (Doc. 27) is **DENIED**.

2. Petitioner's motion to accept his motion for reconsideration as timely filed (Doc. 28) is **DENIED as moot.**

3. Petitioner's motion for an extension of time to file an application to proceed on appeal in forma pauperis (Doc. 29) is **DENIED as moot.**

4. If Petitioner appeals the denial of his motion for reconsideration, the Court **denies a certificate of appealability**.[3] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of April, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:  Raymond Garcia
    Counsel of record

---

[3] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).